IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. NIEDERSTADT,**

      Plaintiff,

vs.                                        **CIV No. 13-0181 LH/CG**

**JESSIE PERALTA;**
**ALEX TRUJILLO;**
**SEAN MCGARRY;**
**CHIEF RANDY SPEAR,**

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER DISMISSING CASE</u>**

      **THIS MATTER** comes before the Court on pro se Plaintiff Charles A. Niederstadt's *Application to Proceed In Forma Pauperis* ("IFP"), filed February 25, 2013 [Doc. 2][1], and on the Court's concomitant obligation to "screen [his] case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Although it appears that Niederstadt may be indigent[2], *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339

---

      [1]  Mr. Niederstadt sent his filings to this Court via "legal mail."  It appears that Mr. Niederstadt is now imprisoned on misdemeanor charges of aggravated battery, assault on a peace officer, and criminal damage to property arising from an incident occurring January 15, 2013, *see State v. Niederstadt*, M-32-MR-201300018 (Ruidoso Magistrate Court) and/or on second-degree felony charges of two counts of possession of a weapon or explosive by a prisoner occurring on March 1, 2013, *State v. Niederstadt*, M-30-MR-201300026 (Carrizozo Magistrate Court).

      [2]  Niederstadt indicates that he receives food stamps and works for his landlord in lieu of paying rent.  He also indicates that he is disabled, but that he does not receive disability benefits.

(1948), as discussed below, the Court must deny his request to proceed ifp and dismiss his complaint

for failure to state a cognizable claim for relief.

## I.      APPLICABLE LEGAL STANDARDS

The Tenth Circuit Court of Appeals has set forth the following standards that district courts

should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of

Civil Procedure.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley*
> [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified)
> standard: to withstand a motion to dismiss, a complaint must contain enough
> allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----,
> ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard,
> as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
> > the mere metaphysical possibility that some plaintiff could prove
> > some set of facts in support of the pleaded claims is insufficient; the
> > complaint must give the court reason to believe that *this* plaintiff has
> > a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the
> plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest"
> that he or she is entitled to relief.  *Twombly*, 127 S. Ct. at 1965.  "Factual allegations
> must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court applies this same standard in its review under § 1915(e)(2) to determine whether

---

The Court takes judicial notice, however, that Niederstadt settled a civil-rights suit against a
Carrizozo police officer, Johnny Rivera, in 2004 for $60,000, and that Rivera assigned to
Niederstadt his rights to sue the Town of Carrizozo, NM for failure to provide a defense, *see
Niederstadt v. Rivera*, No. 04cv802 JB/KBM Doc. 17 (D.N.M. Oct. 29, 2004), and that Niederstadt
may have successfully settled Rivera's suit for yet more money and attorney fees.  *See Niederstadt
v. Town of Carrizozo*, 143 N.M. 786, 787, 182 P.3d 769, 770 (Ct. App. 2008).  It appears that
Niederstadt has spent much of his time since 2008 incarcerated for various offenses.  If Niederstadt
ever again seeks to proceed IFP, he will be required to discuss how much he received in settlements
and what he has done with that money.  Niederstadt also has not produced his prison accounts, if
any.

Niederstadt has stated a cognizable federal claim.  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The Court will accept as true Niederstadt's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him.  *See id.*  But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The courts take a two-step approach in determining whether a complaint states a claim upon which relief may be granted.  First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss.  But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

In determining whether Niederstadt's Complaint should be dismissed for failure to state a claim, the Court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice."  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted).

## II.    BACKGROUND AND ALLEGATIONS IN THE COMPLAINT

This case arises from an incident that occurred on December 19, 2010, in Lincoln County, that resulted in Plaintiff's arrest.  *See* No. 13cv181 LH/KBM Compl. (Doc. 1), Att. 1 ("Criminal Complaint").   Plaintiff's arrest allegedly occurred due to Mr. Jessie Peralta falsely telling Officer Sean McGarry that Plaintiff had pushed him to the ground and then hit him several times.  *See id.*

The Court takes judicial notice of other cases filed in this Court and other courts that have some direct bearing on the issues before it.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) ("we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").  Niederstadt, while he was previously incarcerated in 2011, sued Peralta in this Court under § 1983 for the same reasons he sues Peralta now, and the Court dismissed the Complaint for failure to state a claim after explaining that private individuals who allegedly falsely accuse a person of battery are not state actors and cannot generally be sued under §1983.  *See Niederstadt v. Peralta*, No. 11cv088 JB/KBM Doc. 5 at 2 (D.N.M. Jan. 21, 2011) ("The Complaint alleges that Defendant Jesse Peralta falsely accused Niederstadt of assault and battery.  The incident occurred at the residence of Peralta's sister.  Peralta lived nearby.  Peralta's allegations caused Niederstadt to be falsely arrested and imprisoned.  Niederstadt contends that Peralta's actions violated his rights under the Due Process [Clause]. . . . A private citizen -- here, a neighbor -- does not act under color of state law for purposes of § 1983.").  Niederstadt has never paid the filing fee he still owes for having filed that complaint.

Niederstadt attached the witness statement of Yolanda McCarty (Peralta's sister) to the 2011 Complaint against Peralta.  McCarty allegedly saw Peralta fall off of her porch, and she states that Niederstadt had been "drinking Nyquil and other cough syrups for a cold he had all week."

4

No.11cv088 Compl., Att. 1 at 1.  She states that, when the police arrived, they "took a breath test" on Niederstadt and then "arrested him."  *Id.*  She states that they then "wrote Charles a citation for assault and battery.  He was to appear in court in Capitan on 1/20/11 at 1:00 p.m."  *Id.*  Niederstadt also attached his own statement that is consistent with McCarty's.  *See* No. 11cv088 Compl., Att. 3.  He states that, when Officer McGarry arrived, McGarry told Niederstadt that Niederstadt's probation officer "wanted a breath test.  I told him that I had took [sic] cough syrup."  *Id.*  McGarry then told Niederstadt that he was going to "write me a citation for assault and battery" because Peralta "called 911 and the EMTs" and accused Niederstadt of "hit[ting] him several times."  *Id.*

Niederstadt's 2013 Complaint is virtually identical in fact pattern to his 2011 Complaint, but this time, he also accuses Alex Trujillo, Officer McGarry, and Chief Spears of lying.  *See* No. 13cv181 LH/KBM Compl. at 2 ("Jessie Peralta had Alex call the police and both of them knew it was a lie.").  He does not provide any allegations,  however, to describe what Officers McGarry and Spears lied about, only drawing the conclusion that there was "perjury on all four of the defendants." *Id.* at 2. Niederstadt attaches both the criminal complaint and probable-cause finding from the magistrate-court misdemeanor case charging him with battery, and records from a state district-court criminal case regarding his probation violation in *State v. Niederstadt*, No. D-1215-20100076 (Alamogordo Dist. Ct.).  These records confirm Niederstadt's prior recitation of the events and reveal the following additional facts.

During the course of his December 19, 2010 investigation, Niederstadt told McGarry that he had touched Peralta while "helping" him out of McCarty's house when Peralta wouldn't leave, but said he had not hit him.  *See* Compl., Att. 1.  Officer McGarry smelled alcohol on Niederstadt's breath, which Niederstadt explained by saying he had taken some cough syrup.  *See id.*  McGarry called Niederstadt's probation officer, who told him to give Niederstadt a breath test.  *See id.*  When

the breath test came back at .06, the probation officer told him to go ahead and arrest Niederstadt. *See id.* Niederstadt says that his landlord (whom he now calls "Teri McCarty" instead of "Yolanda McCarty"), who is Peralta's sister, told officer McGarry that Peralta fell down the steps. *See* Compl. at 3. But he states that McGarry called Chief Spear, and they decided to go ahead and arrest him - apparently on the probation violation. *See id.* The magistrate judge found probable cause to charge Niederstadt with battery on 1/11/11. *See* Compl. Att. 1.

Because Niederstadt has not set out the facts regarding his prior convictions and probation clearly, the Court has taken judicial notice of the state-court docket sheet in the district-court criminal case he cited and in another state-court criminal case, both of which are public records and are posted online at https://caselookup.nmcourts.gov/caselookup/app. The docket sheets reveal that, prior to the incident involved in this case, Niederstadt pleaded no-contest to fourth-degree felony charges of aggravated assault against a household member on July 16, 2010, and he was placed on probation on December 15, 2010. *See State v. Niederstadt*, No. D-1215-CR-20100161 (Alamogordo Dist. Court). Subsequently, on December 20, 2010, the court was notified of his December 19, 2010 arrest on the probation violation. *Id.* On December 29, 2010, he was committed to jail with "no bond pending adjudicatory hearing." *Id.* The Court held a hearing on February 17, 2011, and ordered him to be released, but with probation to continue, on February 18, 2011.

Also prior to the incident involved in this case, on May 13, 2010, Niederstadt was charged with misdemeanor criminal damage to property. He pleaded no contest on November 18, 2010, and was placed on probation. The court noted the probation violation on January 10, 2011. Judge Ritter set his hearing on the probation violation in case number D-1215-2010076 (Alamogordo Dist. Court) on March 31, 2011, and ordered him to be released on April 1, 2011.

According to Niederstadt, he spent 102 days in jail before the judge dismissed the parole-

6

violation charge and he was released.  *See* Complaint at 2 & Att. 2.

Niederstadt does not state whether or when the misdemeanor battery charge was dismissed, and that case did not appear in the electronically-stored docket sheets online.  The only thing that does appear to be clear is that Niederstadt's arrest on December 19, 2010, was based at least in part on his alleged probation violations in state district court.

## III.   NIEDERSTADT HAS FAILED TO STATE A COGNIZABLE CLAIM AGAINST THE DEFENDANTS.

The Court has already explained to Niederstadt why he has not stated a claim under § 1983 against Peralta or any other private individual, including Trujillo, and need not repeat that analysis. *See Niederstadt v. Peralta*, No. 11cv088 JB/KBM (Doc. 5) at 2.  And Niederstadt has completely failed to allege any facts to support his conclusion that Officer McGarry and Chief Spears lied, so his claims against them fail under *Iqbal*, 556 U.S. at 686.

Further, Niederstadt's own statements and those of Yolanda or Teri McCarty support everything that Officer McGarry stated in his affidavit giving rise to the criminal charges against Niederstadt - *i.e*., that Peralta called an ambulance and accused Niederstadt of hitting him; that Officer McGarry smelled alcohol on Niederstadt's breath; that Niederstadt admitted drinking Nyquil and other cough syrups that contain alcohol; and he had an alcohol blood level of .60, which gave rise to probable cause for Niederstadt's arrest both for a probation violation and for battery.

A § 1983 claim based on an allegedly malicious prosecution includes the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  Niederstadt has not

7

shown either that the battery charge terminated in his favor or that no probable cause supported his arrest or prosecution for battery or probation violation.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).   And probable cause exists to arrest if "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Tanberg v. Sholtis*, 401 F.3d 1151, 1159 (10th Cir. 2005) (internal quotation marks omitted). "The existence of probable cause depends on the arrestee's behavior and the officer's knowledge of it." *Id.* at 1160.  Here, Officer McGarry could rely on the blood-alcohol test and the probation officer's instruction to arrest Niederstadt for a probation violation.  He could rely on Niederstadt's admission that he touched Peralta to "help" him out of the house and Peralta's accusations and claims of injury to charge Niederstadt with battery. Under these undisputed facts, as a matter of law, Officer McGarry had probable cause to believe that Plaintiff had just committed a crime.

Plaintiff's argument that no probable cause existed for his arrest because he was acquitted of the probation violation also fails.  It has long been established that probable cause may exist for an arrest and prosecution as a matter of law, "notwithstanding . . . ultimate acquittal." *Garcia v. United States*, No. 94-2252, 69 F.3d 547, 1995 WL 634164, *1 (10th Cir. Oct. 30, 1995) (unpublished). *See Pierson v. Ray*, 386 U.S. 547, 555 (1967) (noting that, "[u]nder the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved.  A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest

when he has probable cause, and being mulcted in damages if he does."), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

      **IT IS ORDERED** that Niederstadt's application to proceed IFP [Doc. 2] is DENIED and his Complaint is DISMISSED without prejudice under § 1915(e)(2).

      **IT IS FURTHER ORDERED** that Niederstadt shall pay the $350 filing fee still owed from his last filing, and that if he files any other complaints while he is incarcerated, he shall fill out the long-form application provided by the federal courts and submit a copy of his prison account to the Court.  Niederstadt is warned that further frivolous filings may result in the imposition of filing restrictions.

 

_____
SENIOR UNITED STATES DISTRICT JUDGE